IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ANGEL MANUEL ORTIZ, by And through the Administrator of his Estate, SANDRA OUTLER, <br><br>Plaintiff, <br><br>v. <br><br>STATE OF GEORGIA DEPARTMENT OF CORRECTIONS, et al., <br><br>Defendants. | CIVIL ACTION NO. 1:21-cv-00049-LAG |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Derrical Bell, Kelly Cooper, Timothy Davis, Keyani Graham, and Jabreon Price submit[1] this Notice of Supplemental Authority, showing the Court as follows:

On July 10, 2024, the Eleventh Circuit issued its en banc decision in *Wade v. McDade*, 106 F.4th 1251 (11th Cir. 2024), an Eighth Amendment case concerning the provision of medical care (or lack thereof) to a prison inmate. The Court had

---

[1] Defendants do not necessarily agree with Plaintiff's statement in the Joint Status Report (Doc. 77) suggesting that Defendants cannot file a reply brief in support of their motion for summary judgment because they did not file such a brief by June 24. Defendants chose to mediate (which was one of the available options) and ultimately that mediation was not successful. Nevertheless, Defendants will comply with understanding of the deadlines. This submission, however, does not violate that understanding, however, because it concerns a ruling that was handed down *after* the June 24 deadline. Defendants would have made this submission— which concerns a change in the applicable law—regardless of whether they had submitted a reply brief.

taken the matter en banc to answer this question: "What is the standard for establishing liability on an Eighth Amendment deliberate-indifference claim?" *Id.* at 1253. The Court found it necessary to address this issue en banc because, as it quoted from the initial (now vacated) panel decision, "[f]or more than 25 years now, our case law regarding a deliberate indifference claim's mens rea element has been hopelessly confused, resulting in what we'll charitably call a mess." *Id.* at 1254 *quoting Wade v. McDade*, 67 F.4th 1363, 1371 (11th Cir. 2023), *vacated and reh'g en banc granted*, 83 F.4th 1332 (11th Cir. 2023). This "mess" was based on the fact that the Court's decisions had "flip-flopped" between requiring that officials act with "more than *mere* negligence" and requiring that they act with "more than *gross* negligence." *Id.* at 1254 (emphases in original).[2] The Court then answered the question as to the appropriate standard by rejecting both of the prior formulations[3] and adopting this new test:

First, the plaintiff must demonstrate that he suffered an "objectively, sufficiently serious" deprivation. *Id.* at 1256 *quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (cleaned up).

Second, the plaintiff must demonstrate that the defendant acted with "subjective recklessness as used in the criminal law." *Id.* at 1261 *quoting Farmer*, 511 U.S. at 839. This second prong requires that the plaintiff show that the

---

[2] *See also Wade*, 106 F.4th at 1255 ("For decades, our own precedent has been marred by internal inconsistency ….").

[3] "[W]e now repudiate our dueling 'more than' formulations …." *Wade*, 106 F.4th at 1255.

2

defendant was actually subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff. *Id.* The focus is to be placed not on a preexisting risk but instead on risk that is inextricably tied to the defendant's own conduct. *Id.* at 1259-61. An official's failure to relieve a serious risk that he "should have perceived, but did not" remains outside the scope of deliberate indifference. *Id.* at 1257 *quoting Farmer*, 511 U.S. at 838.

Finally, the defendant cannot be held liable if he "responded reasonably to the risk." *Id.* at 1262 *quoting Farmer*, 511 U.S. at 844-45.

The Court then remanded the matter to the original panel to apply this new standard to the particular facts of the case. That decision is pending.

So what does the new standard mean for this case? First, Plaintiff cannot prove deliberate indifference as to any Defendant. Certainly, Mr. Ortiz' death (and even his injuries if he had survived) rises to the level of objectively serious. But Plaintiff cannot establish that any Defendant acted with subjective criminal recklessness. Plaintiff contends that Defendants violated various policies but even if this were correct, it is irrelevant and misleading. The sole issue in this case is whether the Defendants violated the Constitution and "a violation concerning state law or policies does not amount to a constitutional violation for which Plaintiff can obtain relief under § 1983, as § 1983 is not concerned with a violation of state law/policies." *Toenniges v. Morales*, 2012 U.S. Dist. LEXIS 56175, 17 (S.D. Ga. 2012); *see also Davis v. Scherer*, 468 U.S. 183, 194 (1984) ("Officials sued for

constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision"); *Green v. Fye*, 2001 U.S. Dist. LEXIS 121899, 6-7 (M.D. Ga. 2011) ("violation of [a] policy does not present a constitutional claim"). The *Wade* ruling does not change this.

    Second, Defendants are entitled to qualified immunity. The Eleventh Circuit has acknowledged that, at the time the events of this case occurred, the law governing Eighth Amendment deliberate-indifference claims was "hopelessly confused, resulting in what we'll charitably call a mess." *Wade*, 106 F.4th at 1254 *quoting Wade*, 67 F.4th 1363 at 1371, *vacated and reh'g en banc granted*, 83 F.4th 1332. The relevant question to be answered is the "objective (albeit fact specific) question," of whether a "reasonable officer" would have believed [his or her] action to be lawful in light of clearly established law and the information possessed by that defendant. *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "[E]xisting precedent must have placed the statutory or constitutional question beyond debate." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (internal quotations and citation omitted). But at the time of the events of this matter, the applicable law was "a mess." "Public officials are not obligated to be creative or imaginative in drawing analogies from previously decided cases." *Hudson v. Hall*, 231 F.3d 1289, 1297 (11th Cir. 2000). Here, the existing precedent had not placed the question beyond debate; indeed, the previously decided cases were "hopelessly confused." *Wade*, 106 F.4th at 1254 *quoting Wade*, 67 F.4th 1363 at 1371, *vacated and reh'g en banc granted*, 83

F.4th 1332. The standard for deliberate indifference was not clearly established in [YEAR] when this matter arose.

The en banc *Wade* decision does not change this, at least for acts and omissions that occurred prior to July 10, 2024. First, *Wade* "repudiate[d]" both of the prior standards, so cases decided under either standard cannot fully be relied upon to analyze the facts presented in this case. 106 F.4th at 1255. Second, *Wade* clarified a "discrete question of law" and accordingly set forth the general principles by which deliberate indifference claims are to be decided. But general rules, except in obvious cases, do not clearly establish the law. *Kisela v. Hughes*, 584 U.S. 100, 105 (2018). Nothing in *Wade* tells us, with sufficient specificity, how this new legal rule should be applied to these circumstances. *Wade* does tell us, explicitly, that the law available to understand this situation in 2019 was "hopelessly confused" and "a mess." *Wade*, 106 F.4th at 1254. Because the law was not clearly established (and what was established may have been in error), Defendants are entitled to qualified immunity.

Respectfully submitted this 30th day of August, 2024.

        CHRISTOPHER M. CARR  112505
        Attorney General

        LORETTA L. PINKSTON-POPE 580385
        Deputy Attorney General

        */s/ Laura L. Lones*
        LAURA L. LONES 456778
        Senior Assistant Attorney General

        Attorneys for Defendants

Please Serve:
LAURA L. LONES
Department of Law, State of Georgia
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
Telephone: (470) 355-2765
Facsimile:  (404) 651-5304
E-mail: llones@law.ga.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed **DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

This 30th day of August, 2024.

*/s/ Laura L. Lones*
Georgia Bar No. 456778
Senior Assistant Attorney General