IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ANGEL MANUEL ORTIZ, by and Through the Administrator of his Estate, SANDRA OUTLER, ) ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. 1:21-CV-00049-LAG |
| v. ) ) | |
| STATE OF GEORGIA DEPARTMENT OF CORRECTIONS) et al., ) Defendants, ) ) ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF
SUPPLEMENT AUTHORITY FOR QUALIFIED IMMUNITY**

Comes Now, Plaintiffs in the above caption and respond to Defendants Rule 28(i) Notice of Supplemental Authority and showing the Court, that Plaintiffs have met and exceeded the standard and/or requirements to show the Plaintiff's Eighth Amendment rights were violated and the new ruling rendered by the Eleventh Circuit regarding Wade v. McDade Case No: 21-14275 does not apply to this case.

On August 30, 2024, Defendants notified this court of the decision of the United States District Court 11th Circuit's ruling in Wade v. McDade, Case No: 21-14275 ("Wade") by and through their Notice of Supplemental Authority. Defendants

1

argue that Wade ruling supports Qualified Immunity for the Defendants on the grounds of Mr. Ortiz's Eighth Amendment rights were violated, which challenges his death as merely an oversite, mistake or human error. The death certificate of Mr. Ortiz states his death as a Homicide, which is defined as "the killing of one person by another".

First, there is no dispute that Mr. Ortiz was in the custody of the State of Georgia Department of Corrections.  The State of Georgia Department of Corrections has a duty to honor the Eighth Amendment's proscription against cruel and unusual punishment, which imposes a duty to provide reasonable protection to prison inmates. Brown v. Hughes, 894 F2nd 1533, 1537 (11th Cir. 1990).

A prison officer violates the Eighth Amendment when he knows that an inmate is facing a substantial threat to his safety, yet disregards that known threat by failing to respond to it in a reasonable manner, such as placing the inmate in protective custody. Rodriguez v. Sec'y for Department of Corrections, 508 F.3d 611 (11th Cir. 2007); Farmer v. Brennan, 511 U.S. 825, 829, 837, 844 (1994). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact." Farmer, 511 U.S. at 842 (emphasis added). Plaintiffs have proven that the risk of danger and harm to Mr. Ortiz's life was a known fact. (See Doc. 72 and Doc. 72-3).

The Plaintiffs maintain that Defendants were aware of immediate danger towards Mr. Ortiz, and there are facts supporting this knowledge, along with the actions and lack of actions by all Defendants Bell, Cooper, Graham, Price and Davis. Furthermore, Defendants failed to render aid as they watched the attack through a window at the cell door. (See Doc. 72 and Doc. 72-3).

At the time this case was filed the "Standard" to state a claim for deliberate indifference under the Eighth Amendment required the Plaintiff to allege facts sufficient to show: **(1)** A substantial risk of serious harm; **(2)** The Defendants' deliberate indifference to that risk; and **(3)** Causation. Lane, 835 F.3rd at 1307; Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). A deliberate indifference claim, in the context of a failure to prevent harm contains both an objective and a subjective component. Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004). The first element of deliberate indifference whether there was a substantial risk of serious harm is assessed objectively and requires the Plaintiff to show conditions that were extreme and posed and unreasonable risk to serious injury to his future health or safety. Marbury, 936 F.3d at 1233; Lane, 835 F.3d at 1307. The second element of a deliberate indifference claim which centers on the subjective component requires the Plaintiff to show that prison officials **(1)** had actual knowledge of a risk of serious

harm and (**2**) disregarded that risk and (**3**) by conduct that was more than mere negligence.  Keohane v. FL Dept of Corr. Sec'y, 952 F.3d 1257, 1273-74 (11th Cir. 2020). Subjective knowledge of a substantial risk requires that prison officials are both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and must also draw the inference. Bowen, 826 F.3d at 1321; and Farmer v. Brennan, 511 U.S. 825, 837 (1994).  A prison official responds to a known risk of serious harm in an objectively, unreasonable manner if he knew of ways to reduce the harm but knowingly declined to act or if he knew of ways to reduce the harm but recklessly declined to act.  Rodriguez v. Sec'y for Dept of Corr., 508 F.3d 611, 620 (11th Cir. 2007).  A Plaintiff, however, is not required to "show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. at 842. (See Doc. 72 and Doc. 72-3).

As Plaintiffs have met and exceeded the above-described requirements and at the time of filing the Parties and Court followed the above standard.  In the new ruling by the 11th Circuit on July 10, 2024, it states: "The en banc Wade decision *does not* change this, at least for acts and omissions that *occurred prior to July 10, 2024*, and probably even for some time afterwards for most situations."  Therefore,

Ortiz vs. State of Georgia Department of Corrections is omitted from the new Standard(s) and can only be determined by the Standard that was in place at the time of filing in 2021. Again, Defendants have failed to prove that they are entitled to Qualified Immunity and are attempting to move this Court to use a new ruling as a shield from justice. (See Doc. 72 and Doc. 72-3).

In this case, it is clear that the Defendants should be held liable for their blatant violation of Mr. Ortiz's constitutional rights by knowingly placing him in harm's way and watching him as he was beaten to death and not rendering aid. Just because an individual wears a badge does not mean they are *entitled* to Qualified Immunity. In this case the Plaintiffs have shown this Court that all Defendants have failed to meet the requirements of Qualified Immunity; therefore, they all *must* be held accountable for their actions and lack of actions in regard to the death of Angel Manuel Ortiz. Mr. Ortiz's life could have been saved three times, but all Defendants failed to comply with not only The Constitution of the United States, Federal Law and their own Rules and Regulations set by the State of Georgia Department of Corrections.

Defendants are alleging that they were "hopelessly confused", However, there is no confusion in the subject case *"all facts"* have been presented with supporting evidence.  It is clear, that Wade vs. McDade is a completely different case with different circumstances and doesn't compare to the subject case at hand.  This Court *must* deny the request for Qualified Immunity to Defendants, as Plaintiffs have presented facts and exhibits showing their violation of oath of office, duties and responsibilities.  Therefore, this Court *must* grant Summary Judgment to the Plaintiffs.

Respectfully submitted, this 6th day of September 2024.

 */s/Robert Leanza Williams, Jr. Esq.*
Robert Leanza Williams, Jr. Esq.
Georgia State Bar No.: 777789
Attorney for Plaintiffs
**Robert Leanza Williams Jr. Attorney at Law LLC**
165 DeKalb Industrial Way Suite B-1
Decatur, Georgia 30030
Office 404.377.7028
Fax 404.377.7599
Email: Robert@flgalaw.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this date, I electronically filed Plaintiffs Response to Defendants Notice of Supplemental Authority for Qualified Immunity with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

  This 6th day of September 2024.

Laura L. Lones, Esq.<br>
Department of Law, State of Georgia<br>
40 Capitol Square, SW<br>
Atlanta, Georgia 30334-1300<br>
Telephone:  470-355-2765<br>
Email:  llones@law.ga.gov

CC: Christopher M. Carr, Esq.
  Loretta L. Pinkston-Pope, Esq.


*/s/Robert Leanza Williams, Jr. Esq.*
Robert Leanza Williams, Jr. Esq.
Georgia State Bar No.: 777789
Attorney for Plaintiffs
Email:  robert@flgalaw.com